## EVELETH vs. SCRIBNER.

A. agreed *by parol* to purchase of B. a lot of land and store thereon standing, for a stipulated price, and in *part performance* of the agreement entered into possession and removed the store to another lot. He afterwards demanded a deed, but B. declined giving one, because his own title then had not been perfected. Subsequently, however, he made a deed and tendered it to A. who then refused to receive it. *Held,* that under these circumstances B. could maintain no action for a breach of the contract.

Where the contract was, on the part of one to convey, and on the other to pay at *a future time,* it was held that the former was bound to convey on demand, and could not rightfully withhold the deed until the term of credit had elapsed.

THIS was an action of *assumpsit,* the writ containing seven counts. One was on an account annexed to the writ for the sum of $5,50, and the remainder, stripped of all technicality, were on a special parol contract, for the purchase by the defendant; of a lot of land and store thereon, situated in the town of *Windham.*

It appeared in evidence, that the defendant was to pay the plaintiff for the store and lot, the sum of $150. One half in money and the remainder in the notes of *Moses Little,* to whom the defendant was to sell his store for that sum, payable in one, two and three years without interest. The plaintiff was also to have four shares in an aqueduct company which was to be benefited by the removal of the plaintiff's store. It appeared, that in pursuance of the agreement, *Little* moved into and took possession of the defendant's store, and the defendant caused the store of the plaintiff to be removed to another lot. Afterward, upon two or three occasions, the defendant called upon the plaintiff for a deed of the store and lot, but he declined giving him one, because, he had not received a deed himself from *Elias Thomas,* of whom he had bought the property, and because of a right of redemption existing in *Thomas's* mortgagor which had still a short time to run.

After the lapse of about three years, and after the defendant had removed from the town of *Windham,* the plaintiff tendered him a deed of the store and lot and demanded the stipulated price; but the defendant declined receiving the deed or paying the price.

There was much evidence in the case, but from the turn which the cause finally took, the foregoing facts may be regarded, as those only which are material to be reported.

A verdict was returned for the plaintiff, for the amount of the account annexed to the writ, $5, 50; which was to be enlarged, or otherwise, as the opinion of the Court should be upon the whole case.

*Longfellow*, for the defendant, relied upon the statute of frauds, the contract not having been in writing — and contended that the doctrine of *part performance*, in a Court of law, did not take a case out of the statute — that, was confined to a Court of Chancery; and cited *Kidder* v. *Hunt*, 1 *Pick.* 328; *Freeport* v. *Bartol*, 3 *Greenl.* 340.

He also insisted, that the defendant's liability under the contract, if it was a valid one, ceased after the refusal of the plaintiff to give a deed on the demand of the defendant.

*Fessenden & Deblois*, for the plaintiff, contended that the case was taken out of the statute of frauds by the part performance of both parties, and cited to this point the following authorities: *Seymour* v. *Bennett*, 14 *Mass.* 266; *Davenport* v. *Mason*, 15 *Mass.* 92; *Crosby* v. *Wardsworth*, 6 *East*, 611; *Pike* v. *Williams*, 2 *Vern.* 455; *Earl of Aylsford's case*, 2 *Stra.* 783; *Wilkinson* v. *Scott*, 17 *Mass.* 249; *Com. on Con.* 80; *Sugden's Law of Vendors*, 72, note 7; *Winter* v. *Brocknell*, 8 *East*, 308; *Inman* v. *Stamp*, 1 *Stark.* 11; *Lofft*, 331; *Boyd* v. *Stone*, 15 *Mass.* 342; *Ricker* v. *Kelly*, 1 *Greenl.* 117; *Lessee of Tyler* v. *Eckhart*, 1 *Bin.* 378; *Welles* v. *Stradling*, 3 *Ves. Jr.*, 381; *Billington* v. *Welch*, 5 *Bin.* 129; 2 *Phil. Ev.* 65; 14 *Johns.* 453.

2. The covenants or promises of the parties were mutual and independent, and the plaintiff might maintain his action without showing a tender of the deed. *Smith* v. *Sinclair*, 15 *Mass.* 171; *Sears* v. *Fowler*, 2 *Johns.* 272; *Campbell* v. *Jones*, 6 *T. R.* 570; *Bordage* v. *Coe*, 1 *Saund.* 120.

Weston C. J. — Waiving for the present the objection to the right of the plaintiff to recover, arising from the statute, or how

far it is removed by evidence of part performance, if by law it can have that effect, and without referring to the variance, which it is insisted exists between the declaration and the proof, are there other fatal objections to the claim of the plaintiff to have his verdict enlarged ?

It is urged by his counsel, that the plaintiff tendered his deed seasonably, for that it could not be intended that he was to give it, until he received the consideration money, which was not all to be paid under three years. Upon a contract of sale, either of land or of personal chattels, where a term of credit is not given, payment of the price is to be an act precedent to, or concurrent with the transfer of the possession. But here a term of credit was expressly agreed. For one half of the consideration, the plaintiff was to receive the notes of a third person, and for the other, it does not appear, that he stipulated for any collateral security. The plaintiff on his part was bound then, to make the conveyance upon demand, upon receiving the notes he had agreed to accept. The jury have expressly found that he refused and neglected to do this ; although he dispensed with a tender of the money or of the notes, on the part of the defendant. The plaintiff then, and not the defendant, is chargeable with a breach of the contract. The defendant was certainly not obliged to accept the deed at a future day, which, notwithstanding his urgent solicitations, had been so long detained from him, after he had left that part of the country, and had no further occasion for the property.

But it is contended, that the defendant, having removed the store partly on to his own premises, is answerable for its value, as a personal chattel. The removal of the store was principally with a view to accommodate the aqueduct company, of which the plaintiff was a member, in which he was, as a part of the bargain, to receive four extra shares. The defendant also proposed an accommodation to himself from that measure ; as it would improve the prospect about his house. It was for their mutual convenience, and was one of the inducements to the bargain. So far as there has been a part execution of the contract, it has been to the prejudice of the defendant. He incurred the expense of removing the plaintiff's store, a title to which he was unable to obtain ; and the plaintiff put *Little* into the defendant's store, to

which he was not entitled, unless upon the fulfilment of the contract on his part. It does not appear, that the defendant derived the least benefit whatever from the plaintiff's store; and the jury have found that the contract for the store and lot was entire. The case would have been presented under a very different aspect, if there had been no breach of the contract on the part of the plaintiff, and the defendant had sought to escape from it, under the statute of frauds. In that case, he would derive no protection from a contract, which he had repudiated, and might have been held answerable for meddling with the plaintiff's store, to the full extent of his damage. The defendant was ready and desirous of fulfilling the contract, which the plaintiff declined. Both have sustained damage. The plaintiff may have been the greater sufferer; but has no just claim upon the defendant for indemnity.

*Judgment on the verdict.*